**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| IN RE | |
| OGGUSA, INC. | CASE NO. 20-50133 |
| DEBTOR | |
| OXFORD RESTRUCTURING ADVISORS, LLC | PLAINTIFF |
| V. | ADV. NO. 22-5020 |
| JOSHUA CURTIS | DEFENDANT |

**MEMORANDUM OPINION**
**GRANTING SUMMARY JUDGMENT**

The Plaintiff seeks to avoid and recover a pre-petition transfer of $153,000.00 (the "Transfer") made by the Debtor, GenCanna Global USA, Inc., now known as OGGUSA, Inc., to the Defendant Joshua Curtis pursuant to 11 U.S.C. §§ 547-550 and K.R.S. § 378A.050. [ECF No. 1.] The Plaintiff also seeks disallowance of the Defendant's claim under 11 U.S.C. § 502(d). [*Id*.]

The Plaintiff is the Plan Administrator of the GenCanna Wind-Down Trust created by the confirmed plan of the Debtor and two related substantively consolidated debtors: Hemp Kentucky Growers, LLC and GenCanna Global, Inc. [*See* Case No. 20-50133, ECF Nos. 1405 (plan); 1406 (trust agreement); 1517 (confirmation order).] The Defendant is a farmer that grew hemp for the Debtor in prior years.

The Plaintiff initiated this adversary proceeding to avoid the Transfer on January 17, 2022. [ECF No. 1.] The Defendant did not respond to the Complaint, so the clerk entered a default and the Plaintiff moved for default judgment. [ECF Nos. 5, 6.] The Defendant appeared

1

and requested to file a late answer. [ECF Nos. 7, 8.] The request was granted, and the Answer filed on September 22, 2022. [ECF Nos. 13, 14, 15.]

The parties engaged in informal discovery and settlement discussions for a year before the Plaintiff declared an impasse in July 2023. [*See* ECF Nos. 17, 19, 21 (status reports).] The Plaintiff served formal written discovery on the Defendant in August 2023 and extended the response deadline to October at the Defendant's request. But the Plaintiff had still not received a response when it moved for summary judgment in late November 2023, despite promises from the Defendant's counsel otherwise.

The inability to settle and lack of discovery responses led the Plaintiff to move for summary judgment on the preference claim based on the undisputed facts in the record and the declaration and exhibits provided by a representative of the Plaintiff. [ECF No. 24.] An order was entered scheduling response deadlines and setting a hearing for oral argument. [ECF No. 26.]

Consistent with history, the Defendant did not timely respond and waited another five days to move for permission to file a late response.[1] [ECF No. 28; *see also infra* at Part II.B (describing delays).] The Defendant's response to the summary judgement request was attached to the motion and is accepted as part of the record. [*See* ECF Nos. 28-1, 31, 34, 35 (the Plaintiff did not object).] The motion also attached discovery responses, but the Defendant did not provide an explanation for the delay in service or a request to allow the late filing. [ECF Nos. 28, 28-2.]

---

[1] Also, the Defendant's counsel represents the defendant in Adv. No. 22-5016, which has the same pattern of delay.

The Defendant argues the Transfer is not avoidable because the Plaintiff has not satisfied its burden to prove there are no genuine issues of material fact that the elements of § 547(b) are satisfied. [ECF No. 28-1.] The Defendant also raises a new value defense pursuant to § 547(c). [*Id*.] The hearing was held on December 21, 2023, and the Motion for Summary Judgment was submitted. [ECF Nos. 32, 33.]

The Plaintiff satisfied its burden to show the Transfer is avoidable and recoverable under § 547 and § 550, and the Defendant's claim is therefore disallowed as a matter of law. *See* 11 U.S.C. § 502(d). The Defendant did not meet his burden to prove the Debtor received new value under § 547(c). The Plaintiff is entitled to summary judgment.

**I.    Summary Judgment Standard.**

Civil Rule 56 allows entry of summary judgment if there is no dispute over the material facts and those facts support a judgment. FED. R. CIV. P. 56(a) (incorporated FED. R. BANKR. P. 7056). A fact is material if it would affect the outcome of the dispute under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must assume all inferences from the facts in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**II.    The Transfer is Avoidable Under § 547(b).**

The Plaintiff has the burden to prove the Transfer is avoidable. 11 U.S.C. § 547(g). The Plaintiff must prove the Transfer: (1) was to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the date of the filing of the petition; and (5) enables such creditor to receive more than such creditor would receive if the case were a

chapter 7 case, the transfer had not been made, or such creditor received payment of such debt to the extent provided by title 11.  11 U.S.C. § 547(b).

### A. All Elements of an Avoidable Transfer Except Insolvency Were Admitted and Proven.

The Plaintiff's motion supports all elements for an avoidable transfer in § 547(b).  [ECF No. 24.]  The Defendant does not dispute the existence of each element of an avoidable transfer except insolvency, as evidenced by its lack of argument in the late-filed Response and the admissions attached to the request to allow the late filing.  [ECF No. 28; ECF 28-2 at pp. 8-9, ¶¶ 1-10.]  This leaves insolvency as the only remaining element necessary to show the Transfer is avoidable.

### B. The Requests for an Admission of Insolvency is Deemed Admitted.

The Plaintiff served discovery requests, including requests for admission that all elements of an avoidable transfer were satisfied, on August 25, 2023.  [ECF No. 24-2 at p. 9 (Request for Admission #7 and #8).]  The response deadline was extended to October 6, 2023, at the Defendant's request.  [ECF No. 24-2 at pp. 6-7.]  There are discovery responses attached as an exhibit to the Late Response Motion that certify service by U.S. Mail on October 6, 2023.  [ECF No. 28-2.]  The Defendant also provided an Affidavit from his assistant making the same claim.  [ECF No. 28-3.]

The Plaintiff, however, contends the December 12 filing was the first time it saw the discovery responses.  [ECF No. 31.]  The Plaintiff provided a series of mid-October 2023 emails in support.  On October 16, the Defendant's counsel, Brian N. Thomas, admitted that his client had not signed off on the discovery responses until October 7 and 8, 2023 (a Saturday and Sunday followed by a national holiday without mail service on Monday).  [ECF No. 24-2.]

4

Thomas also promised – and failed – to scan and send the discovery responses on October 20, 2023. [*Id.*] Thomas then ignored the final communication from the Plaintiff's counsel regarding discovery responses sent on October 24. [*Id.*]

The apparently false claim that discovery responses approved by the client two days after mailing led to questions at the December 21 hearing. Thomas confirmed the Plaintiff's recitation of the dates and his promises regarding the discovery responses. [ECF Nos. 32, 33, 35.] Thomas stated he had no valid excuse for failing to email the discovery responses as promised, other than his reliance on his assistant for such tasks because of his lack of technical savvy. This does not explain, however, why he did not ask his assistant to email the documents in mid-October or simply mail another copy.

The Plaintiff therefore contends the discovery responses were late, and the requests for admissions are deemed admitted. *See* FED. R CIV. P. 36 (incorporated by FED. R. BANKR. P. 7036) (a matter is admitted unless the party to whom the request is directed serves a written answer or objection within 30 days); *see also In re Lucas*, 124 B.R. 57, 58 (Bankr. N.D. Ohio 1991) (a failure to respond to a request to admit permits a court to enter summary judgment if the facts deemed admitted are dispositive). The record shows a pattern of behavior and not limited or excusable errors. Therefore, the requests for admission of insolvency are deemed admitted by the Defendant.

**C. The Plaintiff Has Satisfied Its Burden of Proof Regarding Insolvency.**

Insolvency is presumed even without an admission of insolvency by the Defendant. 11 U.S.C. § 547(f). The Defendant's only defense is that the Debtor spent advertising capital on the state fair and was expanding its production. [ECF No. 28-2 at p. 9 (Request for Admission #7 and #8).] But the Defendant did not provide evidence of increased production or explain how

advertising at the state fair rebutted the presumption of insolvency. *See Farm Credit Mid-America, PCA v. Tingle (In re Tingle)*, 594 B.R. 396, 405 (Bankr. E.D. Ky. 2018) (summary judgment challenges an opposing party to "put up or shut up" on a critical element of the case).

Further, the conclusions the Defendant wants to evoke from these arguments are directly contrary to the record in the main case that shows a debtor in severe financial distress leading up to the involuntary petition in late January 2020. [*See* ECF No. 28-1 (also arguing sponsorship at the Kentucky State Fair suggests financial viability); *cf.* Case No. 20-50133, ECF Nos. 37 (the Debtor consented to the involuntary filing in part because it could not pay its debts as they came due), 44 (Alt Affidavit describing inability to pay debts when due); and 246 (the schedules show severe debt substantially exceeding assets). *See also* Adv. No. 20-5032, ECF No. 140 (findings of fact regarding the Debtor's severe problems beginning at least by the Summer of 2019).] The presumption of insolvency stands without any evidence to support a contrary position.

The Plaintiff has satisfied its burden, and the Transfer is avoidable under § 547(b), subject only to legitimate defenses allowed by the statute.

### III.    The Defendant Did Not Prove a New Value Defense Under § 547(c).

The Defendant claims it provided new value that will offset any preference claims without attempting to monetize the offset. 11 U.S.C. § 547(c)(1), (4). The Defendant has the burden to prove the defense. 11 U.S.C. § 547(g).

The Plaintiff cannot avoid an otherwise preferential transfer "to the extent that such transfer was – (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1). The "contemporaneous exchange" defense requires proof that: (1) both the Debtor and the Defendant intended the

6

transfer to be a contemporaneous exchange; (2) the exchange was contemporaneous; and (3) the exchange was for new value. *Stevenson v. Leisure Guide of Am., Inc. (In re Shelton Harrison Chevrolet, Inc.)*, 202 F.3d 834, 837 (6th Cir. 2000). "New value" is defined as "money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation." 11 U.S.C. § 547(a)(2).

The Plaintiff is also prevented from avoiding an otherwise preferential transfer if the Defendant gave the Debtor subsequent new value. 11 U.S.C. § 547(c)(4). This requires proof that: (1) the Defendant extended the subsequent new value to the Debtor or on the Debtor's behalf; (2) the new value was unsecured; and (3) the new value remained unpaid after the transfer. *Osherow v. Travelers Prop. Cas., Co. of America* (*In re Legendary Field Expeditions*), 637 B.R. 584, 598 (Bankr. W.D. Tex. 2022).

The Defendant must show that the Debtor's estate received some tangible economic value in return. *See Newton v. McGhee-Rosenburgh (In re McGhee)*, No. 3:19-BK-32534-SHB, 2021 WL 2614188, at *5 (Bankr. E.D. Tenn. June 24, 2021); *Phoenix Rest. Grp., Inc. v. Fuller, Fuller & Assoc., P.A.* (*In re Phoenix Rest. Grp., Inc.*), 316 B.R. 671, 679 (Bankr. M.D. Tenn. 2004). The Defendant's alleged new value was the preparation of his own farmland for the 2020 growing season. The Defendant claims he planted cover crops, took soil samples, conducted subsoiling operations, and expanded acreage. [ECF No. 28-1.] These actions would directly benefit the Defendant (e.g., profit from the cover crops), but the Defendant has not offered any proof of a tangible economic benefit to the Debtor's estate.

7

The Defendant claimed the work was done based on the Debtor's recommendations but did not produce a contract or other evidence to prove the Debtor's agreement or benefit. The Defendant also did not disclose when the alleged actions occurred. That is important to the Defendant's defense because the Debtor does not own the farmland and it was apparent from the start of the bankruptcy case in January 2020 that the Debtor was ceasing business and selling its assets. [Case No. 20-50133, ECF Nos. 82, 136, 304 (all disclosing a planned § 363(b) sale of assets).] The sale was approved in early May and closed in June 2020. [*Id*., ECF Nos. 850, 889.] The Debtor then quickly proposed and confirmed a liquidating plan. [*Id*., ECF No. 1163, 1517.]

There was no need to prepare for a 2020 growing season when the Debtor's entire business was on the auction block before planting started. The Defendant has not provided its own evidence to show the Debtor received any tangible economic value for preparation of the Defendant's farmland despite the contrary evidence in the record.[2] The Defendant has not met its burden to show it provided new value pursuant to § 547(c)(1) or § 547(c)(4).

## IV. Conclusion.

Based on the foregoing, it is ORDERED that the Plaintiff's Motion for Summary Judgment [ECF No. 24] is GRANTED. The Transfer is avoidable and recoverable pursuant to 11 U.S.C. § 547(b) and § 550, and the claim is disallowed pursuant to 11 U.S.C. § 502(d) until the judgment is satisfied. A separate judgment will enter contemporaneously herewith.

---

[2] The reliability of the Defendant's information is called into question regarding these assertions because counsel claimed the Defendant had grown crops for the Debtor for 7 years. [ECF Nos. 32, 33, 35.] The record in the main case indicates that the Debtor was not even established until August 2014, leaving only five growing seasons until a 2020 planting. [Case No. 20-50133, ECF Nos. 44, 1406.] This does not weigh in the decision but deserves mention as a supplement to the discussion regarding the Defendant's history of delays.

It is further ORDERED that the Plaintiff shall supplement the record within 14 days of entry of this Opinion with a notice of its intent to pursue the remaining Counts of the Complaint or those Counts shall be dismissed.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, December 29, 2023**
(grs)